UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARTY A. COSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-278-RLJ-HBG |
| | ) | |
| CLAIBORNE COUNTY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Exclude Expert Testimony [Doc. 28] ("Motion to Exclude") and Plaintiff's Motion to Enlarge Time to Respond to Defendant's Motion to Exclude Expert Testimony [Doc. 29] ("Motion to Enlarge Time"). The Motions are ripe and ready for adjudication. Accordingly, for the reasons further explained below, the Court **GRANTS** both Motions [**Docs. 28, 29**].

## I. BACKGROUND

The Complaint [Doc. 1-2] was removed to this Court on June 26, 2017. The Complaint alleges that Plaintiff was employed with Defendant Claiborne County Board of Education for thirty-four (34) years. [*Id.* at ¶ 4]. The Complaint states that on May 18, 2015, Plaintiff was subjected to harassment by Defendant Connie Holdway when she transferred Plaintiff from Forge Ridge Elementary School to TNT Primary School. [*Id.* at ¶ 8]. In addition, another Defendant, Sam Owens, told certain individuals in the Claiborne County community that he wanted to personally humiliate Plaintiff for Plaintiff's support of a specific candidate for county mayor. [*Id.*

at ¶ 9]. The Complaint continues that Defendants Owens and Holdway, for their own personal and political agenda, attempted to place Plaintiff in a false light before his fellow workers, students, family, and others. [*Id.* at ¶ 10]. Defendant Owens threated retaliation with respect to Plaintiff's job for having supported a different candidate. [*Id.* at ¶ 13]. Further, Plaintiff alleges that upon his transfer to TNT Primary School, Defendants discriminated against him because of his age and deprived him of equal opportunity by replacing his position as a principal at Forge Ridge Elementary School with an individually substantially younger. [*Id.* at ¶ 20]. Plaintiff alleges that he has sustained damages, including personal injuries, humiliation, embarrassment, aggravation of preexisting anxiety, aggravation of his hypertension, lack of sleep, and emotional distress. [*Id.* at ¶ 22].

The instant dispute relates to expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

## II.    POSITIONS OF THE PARTIES

The Court will only summarize Defendants' Motion to Exclude because no opposition was filed with respect to Plaintiff's Motion to Enlarge Time.

In their Motion [Doc. 28], Defendants state that Plaintiffs submitted Exhibit 1 [Doc. 28-1] in an attempt to comply with the mandates of the Federal Rules of Civil Procedure that govern expert witness disclosures. Defendants argue that it is impossible for them to determine if Plaintiff's disclosures are meant to be in compliance with Rule 26(a)(2)(B) or (C) but that the disclosures are deficient under either provision. Defendants aver that Plaintiff's attorney's recital of Plaintiff's alleged medical issues/conditions is not nearly enough to satisfy the requirements of Rule 26. Defendants state that given the litany of actions Plaintiff has pled in this case and the

types of medical issues presented, Plaintiff must present expert testimony where the medical providers themselves establish some kind of connection with the challenged actions.[1]

Plaintiff filed a Response [Doc. 32], arguing that he identified Dr. John Michael Robertson, his primary care physician, concerning Plaintiff's treatment for aggravation of hypertension and preexisting anxiety disorder. In addition, Plaintiff states that he identified Dr. John B. Robertson, a "psychiatric," to whom Plaintiff was referred to by Dr. John Michael Robertson. Plaintiff states that his responses to Defendants' interrogatories were submitted to the state trial court prior to the removal of this case and that in the interrogatories, Plaintiff disclosed Dr. John Michael Robertson as his primary care physician, as well as Dr. John B. Robertson. Plaintiff states that these physicians are not retained or specially employed experts but are merely expected to testify about their treatment of Plaintiff. Plaintiff argues that pursuant to Rule 26(a)(2)(C), the disclosure must state the subject matter on which the expert is expected to present evidence and a summary of facts and opinions to which the witness is expected to testify. Plaintiff states that such information has been provided to Defendants and that Defendants have been provided access to all Plaintiff's medical records.

Defendants filed a Reply [Doc. 34], asserting that they have "no objection to Plaintiff[] producing medical practitioners to testify at the trial of this cause only about their observations concerning Plaintiff's alleged medical condition." Further, Defendants state, "[T]o the extent Plaintiff desires to go beyond the merely factual testimony, [Defendants] object and assert Plaintiff has failed to comply" with Rule 26 concerning the disclosure of expert testimony.

---

[1] Defendants request that their Motion for Summary Judgment be granted. The Court believes this to be a typographical error. In any event, the undersigned issues no opinion on Defendants' Motion for Summary Judgment.

**III.     ANALYSIS**

As an initial matter, with respect to Plaintiff's Motion to Enlarge [Doc. 29], it is unclear how much time Plaintiff sought to respond to Defendants' Motion to Exclude.  The Motion to Exclude was filed on May 23, 2018, meaning that Plaintiff's response was due on or before June 6, 2018.  *See* Fed. R. Civ. P. 6 (explaining how to compute time) and E.D. Tenn. L.R. 7.1 (explaining that responses are due fourteen (14) days after service of the opening brief).  Plaintiff's Motion "prays for an additional seven (7) days from, and including, May 29, 2018, in which to make further response to Plaintiff's disclosures as well as further response to Defendants' Motions."  [Doc. 29 at 1].  Plaintiff then filed his Response [Doc. 32] on June 19, 2018.  In any event, the Court **GRANTS** Plaintiff's Motion [**Doc. 29**] because Defendants did not file an objection, *see* E.D. Tenn. L.R. 7.1, (explaining that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought"), and the Court has considered Plaintiff's Response to Defendants' Motion to Exclude.

The Court will now turn to Defendants' Motion to Exclude.  The Court finds it helpful to begin with the requirements as set forth in Rule 26(a)(2).  Specifically, Rule 26(a)(2)(B) provides, in relevant part, that expert witness disclosures "must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony."  Generally, "a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not 'retained or specially employed to provide expert testimony in the case.'" *Taylor v. U.S.,* No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23, 2005) (quoting Rule 26(a)(2)(B)).  Rule 26(a)(2)(C), however, still requires summary disclosures of the facts and opinions to be offered by such expert witnesses even if they are not required to provide the detailed reports under Rule 26(a)(2)(B).

Specifically, Rule 26(a)(2)(C) states:

> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Subsection (C) "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.S. 641, 645 (N.D. Ind. 2011)). Thus, while treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B), the party offering the treating physician's opinion must provide the disclosures outlined in Rule 26(a)(2)(C).

The Court has reviewed Plaintiff's Expert Witness Disclosures [Doc. 28-1] and finds that the disclosures are not sufficient under Rule 26(a)(2)(C). With respect to Dr. John B. Robertson, Plaintiff's disclosure states that Dr. John B. Roberston has not rendered his final report on the subject matter on which he is expected to testify. [Doc. 28-1]. The disclosure continues that it is anticipated that Dr. John B. Robertson will testify that Plaintiff suffers from major depression, a general anxiety disorder, arthritis, and hypertension. It further states that Defendants have obtained Dr. John B. Robertson's records.

As explained above, Rule 26(a)(2)(C)(i) requires that the disclosure provides the subject matter on which the witness is expected to testify. While Plaintiff argues that both physicians were identified in his responses to interrogatories and Defendants obtained the medical records, the Court finds that such does not satisfy Rule 26(a)(2)(C). *Gleed v. AT&T Servs., Inc.*, No. 13-12479,

2016 WL 1451532, at *4 (E.D. Mich. Apr. 12, 2016) ("The Court finds that simply identifying a witness in an interrogatory and/or producing medical records does not meet the disclosure requirements of Rule 26(a)(2)(C)."). Accordingly, with respect to Dr. John B. Robertson, Plaintiff's disclosure is deficient.

With respect to Dr. John M. Robertson's disclosure, it states that Plaintiff has consulted with Dr. John M. Robertson and that it is anticipated that Dr. John M. Robertson will testify that Plaintiff has suffered from panic attacks, depression, and anxiety, as well as post-traumatic stress disorder. For similar reasons as above, this disclosure is also deficient.

Given that Plaintiff has not complied with the disclosure requirements, the Court must turn to Federal Rule Civil Procedure 37(c)(1). Specifically, Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd,* 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted). Further, courts have explained that "exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26." *Id.* (citing *Samos Imex Corp. v. Nextel Communications, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999)). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* (citing *Roberts ex rel. Johnson,* 325 F.3d at 782).

In the present matter, Plaintiff has not sufficiently argued that the violation is substantially justified or harmless. Instead, Plaintiff argues that Rule 26(a)(2)(C) requires the disclosure to provide the subject matter of the testimony and a summary of the witness's facts and opinions. Plaintiff continues, "That information has been previously provided to the Defendant and the Defendant has been provided access to all of Plaintiff's medical records." [Doc. 32 at 2]. The Court finds, however, that the information was not provided, as Plaintiff acknowledged in his disclosures. *See* [Doc. 28-1] ("Dr. John B. Robertson has not rendered a final report on the subject matter on which the expert is expected to testify . . .," and Dr. John M. Robertson's disclosure is similarly deficient). Further, as discussed above, the fact that Defendants have access to Plaintiff's medical records is not sufficient, and the Court finds that Defendants' access to the medical records does not constitute harmlessness under Rule 37(c)(1). Otherwise, the requirement to provide a disclosure of Rule 26(a)(2)(C) would be eviscerated. Accordingly, the Court finds that Plaintiff has not demonstrated that the violation is substantially justified or harmless.

As Defendants explained in their Reply, they "have no objection to Plaintiff[] producing medical practitioners to testify at trial of this cause only about their observations concerning Plaintiff's alleged medical condition." [Doc. 34]. They further state, "[T]o the extent Plaintiff desires to go beyond the merely factual testimony, [Defendants] object . . ." [*Id.*]. Accordingly, the Court grants Defendants' Motion to Exclude [Doc. 28] to the extent that Plaintiff's treating physicians may testify only as to the facts of Plaintiff's course of treatment and their factual observations concerning Plaintiff's alleged medical conditions.

## IV.    CONCLUSION

Accordingly, for the reasons explained above, Defendants' Motion to Exclude Expert Testimony [**Doc. 28**] and Plaintiff's Motion to Enlarge Time to Respond to Defendant's Motion to Exclude Expert Testimony [**Doc. 29**] are **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge