# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |  |
|---|---|---|
| MARTY COSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-278 |
| | ) | |
| CLAIBORNE COUNTY BOARD of EDUCATION, SAM OWENS, and CONNIE HOLDWAY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's motion to alter or amend the judgment [doc. 47], filed after this Court granted summary judgment in favor of Defendants, and dismissed the case. Defendants have filed a response in opposition to the motion [doc. 48], and Plaintiff has replied [doc. 49]. For the reasons stated below, Plaintiff's motion to alter or amend the judgment will be granted in part and denied in part.

### I. Background

Plaintiff, Marty Cosby, filed suit against the Claiborne County Board of Education, Connie Holdway, individually and officially as Director of Claiborne County Schools, and Sam Owens, individually and officially as a member of the Claiborne County Board of Education and Finance Director for the Claiborne County government, alleging claims of First Amendment retaliation based on political association, as well as various state law

causes of action. [Doc. 1-2 at 266-85]. The amended complaint, which was initially filed in state court, was removed to federal court. [Doc. 1].

Defendants sought summary judgment in this Court. [Doc. 26]. During the summary judgment proceedings, the facts showed that Plaintiff was employed by Claiborne County Schools from 1981 until 2016, during which time he worked as both a teacher and a principal at Forge Ridge Elementary School. [Doc. 35-1 at 1]. In May 2015, Plaintiff was transferred from his position as principal at Forge Ridge to the position of co-principal at TNT Primary School. [Doc. 35-1 at 2]. Plaintiff alleged that Holdway transferred him to TNT Primary based on a false allegation that he had been insubordinate. [Doc. 35-1 at 2]. Instead, Plaintiff alleged, Holdway transferred him because he supported Dennis Cook for county mayor in a political race against Jack Daniels in 2014. [Doc. 35-1 at 6-7]. Plaintiff insinuated that Owens, who was an outspoken supporter of the Daniels campaign, used his positions as a member of the Claiborne County Board of Education and Finance Director to improperly influence Holdway's decision to transfer Plaintiff. [Doc. 27-10 at 33; Doc. 35-1 at 7]. After Plaintiff filed the instant suit, the school board ordered an audit on Forge Ridge, which Plaintiff alleged indicated to the community that he had been involved in wrongdoing. [Doc. 27-9 at 8-9].

This Court granted Defendants' motion for summary judgment, concluding that Plaintiff had not shown a genuine issue of material fact existed as to either of his First Amendment retaliation claims, which related to his termination and the later audit, respectively. [Doc. 45 at 6-15]. This Court declined to exercise supplemental jurisdiction

over Plaintiff's remaining state law claims. [*Id.* at 15]. Accordingly, the Court dismissed the action. [Doc. 46].

Plaintiff has now filed a motion to alter or amend the judgment. [Doc. 47]. First, Plaintiff argues that, rather than dismissing this civil action upon the grant of summary judgment, this Court should have remanded his state law claims, over which this Court declined to exercise supplemental jurisdiction, back to the Claiborne County Circuit Court. [*Id.* at 1-2]. Plaintiff also asks this Court to reconsider the merits of its decision. [*Id.* at 2-5]. Moreover, pursuant to Fed. R. Civ. P. 59(a)(2), Plaintiff requests permission to take additional testimony, and for this Court to amend its findings of fact and conclusions of law based on the additional proof. [Doc. 47 at 4; Doc. 47-1 at 2].

Defendants respond that the salient facts were before the Court when it issued its order granting summary judgment, and, to the extent that Plaintiff failed to present any argument or evidence, such was Plaintiff's responsibility. [Doc. 48 at 1-2]. As to the issue of remand, Defendants state that no action is necessary because "Plaintiff's state law claims exist in accordance with procedures set forth in" 28 U.S.C. § 1367. [*Id.* at 2]. Finally, Defendants argue that Plaintiff's reliance on Rule 59(a)(2) is faulty, because such governs procedures after trial, and therefore, is inapplicable here. [*Id.*].

Plaintiff replies as to the issue of remand only, arguing that, under 28 U.S.C. § 1441(c), a district court may determine all the issues in a case that has been removed to federal court, or may remand all matters in which state law predominates. [Doc. 49 at 1]. Plaintiff asserts that, in the interests of judicial economy and justice, this Court should

remand the state matters over which it declined to exercise supplemental jurisdiction. [*Id.* at 2].

## II. Analysis

Plaintiff cites only Rule 59(a)(2) as the basis for his motion. As the instant action never went to trial, Rule 59(a)(2), which is a request for a new trial, is inapplicable. However, in the interest of justice, this Court considers Plaintiff's motion under the applicable rules.

Federal Rule of Civil Procedure 59(e) states that a party may file a motion to alter or amend the judgment within 28 days from an entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A Rule 59(e) motion "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Additionally, Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons, including mistake, inadvertence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). However, like Rule 59(e), a Rule 60(b) motion is not intended to give a party unsatisfied with an earlier ruling another chance to reargue the issues already considered and decided. *Tippins v. NWI-1 Inc.*, No. 16-cv-10140, 2016 WL 5686381, at *2 (E.D. Mich. Oct. 3, 2016) (citing *GEICO Indem. Co. v. Crawford*, 36 F. Supp. 3d 735, 739 (E.D. Ky. 2014)).

To the extent that Plaintiff reargues the merits of the case and asks this Court to reconsider its prior decision on those merits, Plaintiff is not entitled to relief. *See Engler*, 146 F.3d at 374; *Tippins*, 2016 WL 5686381, at *2. Thus, Plaintiff's motion will be denied to the extent that he seeks reconsideration of the merits. Further, to the extent that Plaintiff seeks to reopen the motion for summary judgment, to present additional evidence, Plaintiff had the burden to present specific facts demonstrating that there is a genuine issue of trial, in responding to the motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If Plaintiff believed that more discovery was necessary to adequately respond to Defendants' motion for summary judgment, he should have sought an extension of time to respond or deferment of consideration of the motion, pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff may not wait until the summary judgment motion is granted in Defendants' favor, and then seek to discover new evidence and reopen the motion for summary judgment on that ground. Accordingly, to the extent he seeks to reopen the motion for summary judgment to assert additional evidence, Plaintiff's motion is denied.

On the other hand, to the extent that Plaintiff asserts that this Court should have remanded his remaining state law claims to the state court, rather than dismissing the action, such an argument is a valid claim for relief from the judgment under Rule 59(e) or 60(b). When a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). In determining whether a remand is appropriate, the court should proceed in the manner that will best accommodate the values of economy,

convenience, fairness, and comity. *Id*. at 351-52. The Supreme Court noted that "[a]ny time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs," which, the Court concluded, was itself good reason to remand pendent state law claims. *Id*. at 353. Upon further consideration, this Court concludes that Plaintiff's remaining state law claims, over which this Court has declined to exercise supplemental jurisdiction, should be remanded to the state court, in the interest of judicial economy. Thus, this Court will grant the motion to amend the judgment, in that this Court will dismiss Plaintiff's federal claims, and remand the remaining state law claims back to the Claiborne County Circuit Court.

### III. Conclusion

Accordingly, for the forgoing reasons, Plaintiff's motion to alter or amend the judgment [doc. 47] will be granted in part and denied in part. An order consistent with this opinion will be entered.

s/ Leon Jordan  
United States District Judge