| | |
|---|---|
| MARTY A. COSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-278-RLJ-HBG |
| ) | |
| CLAIBORNE COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 59] of the District Judge.

Now before the Court is Defendants' Petition for Attorney Fees [Doc. 51]. The parties appeared before the Court on April 2, 2019, for a motion hearing. Attorney David Dunaway appeared on behalf of Plaintiff. Attorney Arthur Knight appeared on behalf of Defendants. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that Defendants' Petition [**Doc. 51**] be **DENIED**.

**I.  BACKGROUND**

Defendants removed [Doc. 1] the Amended Complaint to this Court on June 26, 2017.[1] The Amended Complaint alleged that Plaintiff was employed with Defendant Claiborne County Board of Education for thirty-four (34) years. [Doc. 1-2 at ¶ 4]. The Amended Complaint stated that on May 18, 2015, Defendant Connie Holdway harassed Plaintiff when she transferred him from Forge Ridge Elementary School to TNT Primary School. [*Id.* at ¶ 8]. In addition, another Defendant, Sam Owens, told certain individuals in the Claiborne County community that he

---

[1] The Court notes that the Amended Complaint begins on page 266 of [Doc. 1-2].

wanted to personally humiliate Plaintiff for Plaintiff's support of a specific candidate for county mayor. [*Id.* at ¶ 9]. The Amended Complaint continued that Defendants Owens and Holdway, for their own personal and political agenda, attempted to place Plaintiff in a false light before his fellow workers, students, family, and others. [*Id.* at ¶ 10]. Defendant Owens threatened retaliation with respect to Plaintiff's job for having supported a different candidate. [*Id.* at ¶ 13]. Further, Plaintiff alleged that he was transferred to TNT Primary School for supporting a political candidate in violation of his First Amendment rights. [*Id.* at ¶ 18]. Plaintiff alleged that after he filed his cause of action, Defendants conducted an audit in an attempt to make it appear that Plaintiff was guilty of some type of wrongdoing. [*Id.* at ¶ 25]. Plaintiff alleged that the audit was retaliatory. [*Id.*].

Defendants moved for summary judgment on May 17, 2018. On October, 26, 2018, the District Judge granted Defendants' motion [Doc. 45] and dismissed Plaintiff's claims that he was retailed against for his political affiliations in violation of the First Amendment and pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In addition, the District Judge declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

Specifically, in the Memorandum Opinion, the District Judge explained that in order to establish a First Amendment retaliation claim, a plaintiff must prove three elements:

> (1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

[Doc. 45 at 7] (quoting *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000). Plaintiff alleged two instances of First Amendment retaliation: (1) his transfer from principal at Forge Ridge

2

Elementary School to a position of co-principal of TNT Primary School, which he alleged was in response of his support of Dennis Cook for county mayor, and (2) the school district's audit of his activity as principal of Forge Ridge Elementary School, after his retirement, which he asserts was in response to his filing the Complaint. [Doc. 45 at 7].

The District Judge found that Plaintiff established that his activity was protected as to each First Amendment retaliation claim. [*Id.* at 9]. With respect to whether Plaintiff suffered an adverse action, the District Judge found that there were genuine issues of material fact as to whether he suffered an adverse action when he was transferred from Forge Ridge Elementary School to TNT Primary School. The District Judge, however, did not find that the school district's audit was an adverse action because the findings thereof were not released, and therefore, was akin to an "intelligence-data gathering activity." Further, Plaintiff's allegations that he suffered humiliation as a result of the audit were not sufficient. Thus, the District Judge dismissed Plaintiff's second claim of First Amendment retaliation because Plaintiff could not demonstrate an adverse action.

Finally, with respect to Plaintiff's first claim of retaliation, the District Judge found that Plaintiff could not establish a causal connection between the protected activity and his transfer. The District Court explained that at least nine months elapsed between the election as county mayor (August 2014) and Plaintiff's transfer in May 2015. The District Judge continued that even assuming temporal proximity between the mayoral election and Plaintiff's transfer, Plaintiff did not submit additional evidence that would permit an interference of retaliatory motive. The District Judge explained that the only assertion Plaintiff made was that Owens influenced Holdway's decision, but this assertion was speculative and was not sufficient to establish a causal connection between Plaintiff's political support of Cook and Plaintiff's transfer.

## II.    POSITIONS OF THE PARTIES

Defendants request attorney's fees pursuant to 42 U.S.C. § 1988.  Defendants assert that this action was originally commenced in Claiborne County, Tennessee, for age discrimination and other state law claims.  Defendants state that "[f]or whatever reason," after depositions were taken, Plaintiff amended his Complaint to assert claims pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.  Defendants removed the Amended Complaint to this Court.  Defendants argue that Plaintiff failed to adequately advance any of the newly pled claims, forcing Defendants to file a dispositive motion.  Defendants explain that their dispositive motion was granted, and Plaintiff's action was dismissed as totally without merit.  Defendants state that the Court also declined to exercise supplemental jurisdiction over the state law claims.  Defendants state that as a result of Plaintiff's amendment, they were forced to expend over 107 hours of attorney time defending this matter.  Defendants request $34,905.00 based on 107.4 hours of work at an hourly rate of $325 per hour.

Plaintiff responds [Doc. 55] in opposition to the Motion.  Plaintiff explains that during depositions, the following facts were clearly established: (1) he was transferred to another school; (2) the distance between the schools was at least twenty-two miles; (3) Defendants did not produce any written documentation within Plaintiff's personnel file that Plaintiff was transferred because of insubordination; (4) another individual replaced Plaintiff as the principal of Forge Ridge Elementary School; (5) Plaintiff was employed for at least thirty-four years; and (6) prior to the transfer, Defendants conducted an audit at a cost of $30,000 without any appropriation through the county commission or the Claiborne County Board of Education.  Plaintiff argues that the bulk of his claims were made in state court not federal court as alleged by Defendants and that defense counsel's affidavit fails to mention that the matter was removed to this Court by Defendants.  Plaintiff argues that Defendants made no attempt to breakdown the attorney's fees and that the

Sixth Circuit has cautioned that an award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction.

Plaintiff continues that he raised material questions of fact as to why Defendants were motivated to spend $30,000 to embarrass him with an audit and his demotion. Plaintiff maintains that defense counsel's time incurred in this matter was devoted to the state cause of action and not the federal cause of action.

Defendants filed a Reply [Doc. 56], asserting that Plaintiff's Response attempts to rehash arguments that were previously dismissed by the District Judge. Defendants state that the case was removed to federal court and later dismissed in accordance with Federal Rule of Civil Procedure 56. Defendants argue that Plaintiff's claims were frivolous and unreasonable, and Plaintiff did nothing to advance them.

Subsequently, Plaintiff filed a Supplemental Brief [Doc. 61], stating that discovery depositions were taken in the state cause of action and that later, he amended his Complaint to allege violations of the First Amendment. Plaintiff states that the Notice of Removal was not filed until June 26, 2017, which was after all discovery had been completed. Plaintiff states that the District Judge remanded the state law claims and that it would be equitable to allow Defendants to claim attorney's fees that are yet to be addressed by the state court. Plaintiff states that the District Judge did not find that his cause of action was frivolous, unreasonable, or groundless. Plaintiff states that he simply was not able to establish the third element of his First Amendment retaliation claim. Plaintiff argues that an award of attorney's fees is only permitted when the cause of action is meritless or vexatious. Further, Plaintiff states that a motive-only test for awarding § 1988 sanctions would be difficult to apply because it runs the risk of chilling individuals from protecting their constitutional rights.

5

Case 3:17-cv-00278-RLJ-HBG   Document 66   Filed 06/10/19   Page 5 of 9   PageID #: 907

Defendants filed a Reply [Doc. 62] to the Supplemental Response, stating that there was no basis for Plaintiff's cause of action, and the Court entered summary judgment in favor of Defendants. Defendants state that they are not seeking to recover attorney's fees for any activity conducted while the litigation was in the Circuit Court for Claiborne County, Tennessee. Defendants state that they only seek an award of fees for having to draft and review Plaintiff's pleadings in federal court. Defendants maintain that Plaintiff's claims were totally unreasonable and without foundation. Defendants state that no additional discovery was even required prior to drafting, preparing, and filing their Motion for Summary Judgment.

### III.  ANALYSIS

The Court has considered the parties' positions as outlined above and the oral arguments presented at the hearing. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that Defendants' Petition for Attorney Fees [**Doc. 51**] be **DENIED**.

At the hearing, Defendants stated that awarding attorney's fees is an extreme measure, but the District Judge found Plaintiff failed to assert a prima facie case. Defendants stated that they are not seeking any fees incurred in the state litigation. Defendants argued that Plaintiff's claims were not supported. In response, Plaintiff argued that its Defendants' burden to show that they are entitled to such fees and that they have failed to meet their burden. Plaintiff maintained that the District Judge did not find his claims were frivolous and that Defendants failed to submit any billing records to support their request for attorney's fees.

As mentioned above, Defendants move for attorney's fees pursuant to 42 U.S.C. § 1988. Specifically, § 1988(b) states, in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except

> that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

"[W]hile prevailing plaintiffs are entitled to attorney's fees under [42 U.S.C. § 1988] in all but special circumstances, prevailing defendants are entitled to attorney's fees much less frequently." *Smith v. Smythe-Cramer*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)). "[A] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)) (other quotations omitted). "Application of these standards requires inquiry into the plaintiffs' basis for bringing suit." *Smith*, 754 F.2d at 183. The Supreme Court has cautioned that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. Finally, "[t]he Sixth Circuit has limited the cases where it will award attorney fees to a prevailing defendant in a civil rights action "to truly egregious cases of misconduct." *Katz v. Vill. of Beverly Hills*, No. CV 13-11568, 2017 WL 474071, at *2 (E.D. Mich. Feb. 6, 2017) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

With the above analysis in mind, the Court finds that an award of attorney's fees is not warranted in this matter. As mentioned above, Plaintiff alleged two instances of retaliation—the transfer and the subsequent audit. The District Judge found that Plaintiff could not establish two elements with respect to his allegations relating to the audit and only one element with respect to his allegations relating to the transfer. Although the District Judge granted summary judgment as

7

to Plaintiff's federal law claims, this does not equate to a finding that Plaintiff's claims were frivolous, unreasonable, or without foundation. *See id.* at \*3 ("Plaintiffs' failure to allege sufficient facts to defeat the summary judgment motion does not make Plaintiffs' allegations groundless.").

Instead, the Court has reviewed the Amended Complaint in this matter, and the Court does not find that Plaintiff's First Amendment claims were defective at the outset. *Id.* ("The Court must consider Plaintiffs' perspective at the time of filing the complaint."). Here, Plaintiff alleged that he experienced retaliation when he was transferred for his support for a certain political candidate and that after his transfer, Defendants performed an audit in response to the lawsuit. As mentioned above, he was able to establish several elements of his claim, but his transfer claim was ultimately defeated when he could not show temporal proximity or that Owens influenced Holloway's decision to transfer Plaintiff. Plaintiff did not believe Defendants' reason for transferring him (i.e., poor tests results) because tests results were not normally available until June of each year, and he was transferred in May. [Doc. 35- at ¶¶ 26, 28]. With respect to establishing a causal connection, Plaintiff put forth evidence that Owens made threats against Plaintiff for his political association. [*Id.* at ¶ 44]. While Plaintiff put forth evidence showing that Owens had voting power over Holdway's contract extension, he was not able to set forth facts establishing that Owens actually did influence Holdway's decision to transfer Plaintiff because of Plaintiff's political association.

Although Plaintiff could not present sufficient facts to support his allegations, the Court cannot conclude that Plaintiff's lawsuit was frivolous, unreasonable, or without foundation. *See Wolfe v. Perry*, 412 F.3d 707, 721 (6th Cir. 2005) (awarding attorney's fees because plaintiff's admission during a deposition made is clear that his complaint was based on a set of untrue facts, and therefore, his case was defective from the outset, and he continued to pursue his claim despite

its defect); *Smith,* 754 F.2d at 183 ("courts have awarded attorney's fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate"). Accordingly, the Court finds Defendants' request not well taken.

## IV. CONCLUSION

Accordingly, for the reasons explained above, the Court **RECOMMENDS**[2] that Defendants' Petition for Attorney Fees [**Doc. 51**] be **DENIED**.

Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).